UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                              :
CHIVALRY FILM PRODUCTIONS                     :
and JOSEPH ARDITO,                            :
                                              :
                    Plaintiffs,               :
                                              :      05 Civ. 5627 (GEL)
           -v-                                :
                                              :      **OPINION AND ORDER**
NBC UNIVERSAL, INC., et al.,                  :
                                              :
                    Defendants.               :
                                              :
------------------------------------------------------x

Joseph Ardito, *pro se*.

Stephen F. Huff, Tom J. Ferber,
Mark A. Tamoshunas, Richard J. Purcell,
Pryor Cashman Sherman & Flynn LLP,
New York, NY, for defendants.

GERARD E. LYNCH, District Judge:

    Joseph Ardito[1] brought this case pro se, charging a variety of defendant entities and individuals in the movie business with copyright infringement, violations of the federal racketeering statutes, and a number of other tortious acts. Defendants move for dismissal on a number of grounds. The motion will be granted in part and denied in part.

    The gravamen of plaintiff's action lies in copyright infringement. Although the

---

[1] The complaint is brought in the names of Ardito and of Chivalry Film Productions, which is identified as a "sole proprietorship duly organized . . . under . . . the laws of the State of New York" and wholly owned by Ardito. (Compl. ¶¶ 4, 7.) Such a proprietorship, under New York law, has no legal identity apart from that of its proprietor. See, e.g., Mattel, Inc. v. Adventure Apparel, 00 Civ. 4085 (RWS), 2001 WL 1035140, at *5 (S.D.N.Y. Sept. 7, 2001) ("[The] sole proprietorship [is] owned by [defendant] and, therefore, [it] is not a separate legal entity capable of being sued."). Thus, Ardito is effectively the sole plaintiff, and will be so referred to in this Opinion.

complaint is extremely lengthy, its factual allegations, which for purposes of the present motion must be accepted as true, are fairly straightforward. Ardito asserts that he is the author of a copyrighted screenplay or screenplays, entitled "The Tenant" and/or "The Dysfunctionals," described as "comic satires ridiculing dysfunctional families." (Compl. ¶ 1940.) The complaint charges that defendants infringed Ardito's copyrights by copying "the same identical synopsis, theories, character analysis, ideas, etc." of his screenplay(s) in producing their popular films, "Meet the Parents" and its sequel "Meet the Fockers." (Id. at ¶ 1942.) Unlike many copyright plaintiffs, Ardito does not allege that he ever submitted his screenplay to any of the defendants for consideration. Rather, he appears to allege that his work was not merely metaphorically stolen, but rather, came into the possession of one or more of the defendants after being literally stolen from him in a 1998 burglary. (Id. at ¶ 1941; see also P. Mem. 3.)

Certain allegations in the complaint appear to cast doubt on the viability of plaintiff's claim. Ardito's description of what was copied suggests that the resemblance between the works is at the level of uncopyrightable general concepts. Indeed, the complaint suggests that the actual expression in the allegedly infringing works may be quite different from that of the copyrighted works, in that defendants are said to have gone "through extremes in revisions and manipulation" in order to conceal the origin of their ideas "by revising [his] screenplay." (Compl. ¶ 1960.) Nevertheless, construing the complaint liberally as befits a pro se filing, see Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), plaintiff clearly states a claim for copyright infringement. Defendants do not contend otherwise.

Defendants do argue, however, that Count One should be dismissed as barred by the statute of limitations, to the extent that it asserts claims for acts pre-dating June 16, 2002.

Defendants are correct about several propositions. First, the statute of limitations for copyright violations is three years. 17 U.S.C. § 507(b); Kresgos v. Associated Press, 3 F.3d 656, 661 (2d Cir. 1993). Second, as the complaint in this case was filed on June 16, 2005, any claim that accrued before June 16, 2002, is time-barred. Third, although there is some disagreement among the courts as to when a claim for copyright infringement accrues, Judge Kaplan's thorough analysis in Auscape Int'l v. Nat'l Geographic Soc'y, No. 02 Civ. 6441 (LAK), 2004 WL 1798130, at *4-*8 (S.D.N.Y. Aug. 12, 2004), is persuasive that the cause of action accrues on the date of the infringement, not on the date that the infringement is discovered. At any rate, even courts following the contrary "discovery rule" hold that the date of accrual is the date "plaintiff knew *or should have known* of the infringement." Sapon v. DC Comics, No. 00 Civ. 8892 (WHP), 2002 WL 485730, at *5 (S.D.N.Y. Mar. 29, 2002) (emphasis added).[2] Fourth, plaintiff claims infringement by two films, "Meet the Parents" and "Meet the Fockers." The former film was released on or about October 6, 2000. Any infringement by the creation of that film occurred no later than that date, and there can be little doubt that Ardito should have known of any infringement by "Meet the Parents" at or shortly after the highly-publicized release of that film.

---

[2] Defendants' brief blandly cites Auscape for the proposition that a claim for copyright infringement accrues on the date of the infringement, and derides plaintiff's argument in favor of accrual on discovery as "plainly incorrect in light of the holding in Auscape." (D. Reply 2.) But Auscape is not binding authority, and its holding represents one side, and the minority side at that, of an issue hotly disputed by various courts. This Court expects a higher standard of candor from members of its bar. Counsel cannot fairly be accused of deception; Judge Kaplan's careful discussion in Auscape fairly lays out the conflicting authority and the arguments on both sides, and it should certainly be expected that the Court would review the cited authority. But particularly when dealing with a lay adversary, who might not be alerted by the citation to read the case and discover the contrary authority, lawyers should display greater accuracy and candor in stating the law by expressly acknowledging the existence of contrary authority.

3

Thus, it appears clear that plaintiff will be unable to recover for infringements committed by "Meet the Parents." Count One, however, also charges defendants with an infringement in connection with "Meet the Fockers," which was released in 2004. Thus, Count One may not be dismissed, and in the absence of a factual record, it is premature for the Court to attempt to carve up the claim by making definitive rulings about the precise contours of potential liability on that count.

Plaintiff's remaining claims, however, have less validity. Count Two asserts a claim for unjust enrichment. This appears merely to restate the claim that defendants made money by infringing plaintiff's copyrights. Section 301(a) of the Copyright Act expressly preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. § 301(a). The Second Circuit has derived from this statute a two-part test for Copyright Act preemption of state law claims. "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103 ['the subject matter requirement']," and (2) "the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106 ['the general scope requirement']." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004), citing 17 U.S.C. § 301(a) and Nat'l Basketball Ass'n v. Motorola, Inc., 105 F.3d 841, 848 (2d Cir. 1997). "In other words, state law claims that are substantively redundant of Copyright Act claims are preempted." Sharp v. Patterson, No. 03 Civ. 8772 (GEL),

2004 WL 2480426, at *7 (S.D.N.Y. Nov. 3, 2004). Since Count Two seeks recovery under state law for the same acts that constitute the alleged infringement of copyright, it is pre-empted by the Copyright Act. See, e.g., Briarpatch, 373 F.3d at 306 (stating that in determining whether a state law claim is preempted, the court examines what the plaintiff "seeks to protect, the theories in which the matter is protected, and the rights sought to be enforced," and "taking a restrictive view" of extra elements that might make a state law claim different from a federal one); Weber v. Geffen Records, Inc., 63 F. Supp. 2d 458, 462 (S.D.N.Y. 1999) ("Whether a state law claim is preempted depends on whether it is derivative of a copyright claim or is based on an "extra element" beyond those of a copyright claim."); Netzer v. Continuity Graphic Assocs., Inc., 963 F. Supp. 1308, 1322 (S.D.N.Y 1997) ("[Plaintiff's] claim of unjust enrichment is preempted by the federal Copyright Act."). Therefore, Count Two is dismissed.

Count Three alleges violations of the RICO statute, 18 U.S.C. §§ 1961-1964. Courts are skeptical of plaintiffs' efforts to turn ordinary civil litigation into racketeering claims. Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 397-98 (S.D.N.Y. 2000). At the same time, RICO complaints must be sustained if they state a claim, however farfetched, on which relief may be granted if the allegations of the complaint can be proved. Here, defendants argue that the complaint fails to state a claim because the predicate acts alleged to constitute a pattern of racketeering activity are mail and wire fraud claims, and thus subject to the particular pleading requirements of Rule 9(b), Fed. R. Civ. P. See Anatian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999) (affirming dismissal of claim of RICO predicate acts of mail and wire fraud for failure to plead with sufficient particularity). Defendants are clearly right that plaintiff utterly fails to identify any details of the alleged fraud. Moreover, to the extent the alleged "fraud" can be discerned, it

appears that Ardito alleges that defendants committed fraud by presenting their films as their copyrighted works, without acknowledging that the films infringed his copyright. (Comp. ¶ 1960.) This is merely an effort to turn a simple copyright claim into mail or wire fraud, and will not suffice.

However, defendants ignore the allegation in the complaint that allege that their "pattern of racketeering consisted of Defendants aiding and abetting the commission of countless acts of federal Interstate Transportation of stolen property obtained by a crime," citing 18 U.S.C. § 2314. (Compl. ¶ 1961.) In light of plaintiff's claim that his manuscript was literally stolen from him (id. at ¶ 1940), plaintiff appears to have alleged a number of crimes other than fraud, specifically a number of acts of interstate transportation of stolen property.[3] Nevertheless, the RICO count must be dismissed for a different reason, because the complaint fails to allege a RICO "pattern." A pattern requires a showing of "continuity," or the threat thereof. H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989). Here, plaintiff alleges nothing more than a single, limited scheme to exploit his copyrighted work by committing infringing his copyrights. The only viable alleged predicate acts, the interstate transportation of his stolen manuscript, must have taken place, if at all, within a limited period between the theft in August 1998 and the release of the first completed film in 2000. A scheme of such limited purpose, accomplished in such a limited period, cannot constitute a RICO pattern, and thus, Count Three is dismissed.

Count Four alleges common-law fraud, claiming that defendants committed a fraud on

---

[3] Although plaintiff does not explicitly allege that the property had a value greater than $5000, as required by § 2314, his claims for damages indicates a belief that the works had a substantial value.

the Copyright Office, and perhaps on the general public, by presenting the challenged films as their original works without disclosing that they were copied from plaintiff. This claim fails, because plaintiff has no standing to object to any such fraud. To recover damages for fraud, a plaintiff must prove that *he* reasonably relied on misrepresentations made to *him*. Plaintiff does not allege that defendants misrepresented anything to him, and as the author of the allegedly infringed works, he could not conceivably have relied upon any claim that the infringing works were original. See Barnhart v. Federated Dep't Stores, Inc., No. 04 Civ. 3668, 2005 WL 549712 (S.D.N.Y. Mar. 8, 2005) (finding that plaintiff had not alleged any reliance and dismissing claim that defendants falsely filed a claim with the Copyright office).[4] Plaintiff's claim that he relied on internet information about defendants' films (P. Mem. 5) does not change this conclusion. Defendants' motion to dismiss is granted as to Count Four.

Count Five charges unfair competition in violation of the Lanham Act. This count also fails to state a claim distinct from the copyright infringement charge. The Supreme Court has held that the Lanham Act protects only "the producer of . . . tangible goods that are offered for sale, and not . . . the author of any idea, concept, or communication embodied in those goods." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 37 (2003). The right to copy creative works, with or without attribution, is the domain of copyright, not of trademark or unfair competition. Id. at 33. "The failure to credit the true author of a copyrighted work is not a false designation of origin, but a violation of copyright." Freeplay Music, Inc. v. Cox Radio, Inc., __ F. Supp. 2d __, __, No. 04 Civ. 5238 (GEL), 2005 WL 1500898, at *3-*4 (S.D.N.Y. June 23,

---

[4] Plaintiff tries to distinguish this case as relating to a song rather than a screenplay. (See P. Mem. 5.) The legal principles involved do not depend on the nature of the copyrighted material.

2005). Plaintiff has failed to state a claim of unfair competition under the Lanham Act.

Finally, although plaintiff has thus far undertaken to represent himself without the services of an attorney, in Count Six he demands attorney's fees. This demand does not state a separate cause of action, but merely requests a form of relief in connection with plaintiff's copyright claim. To the extent that plaintiff attempts to assert a separate cause of action, Count Six is dismissed; however, the request for attorneys' fees remains an aspect of the requested damages, should plaintiff incur any such fees, and should he prevail in the case.

In addition to the various arguments addressed to specific counts of the complaint, defendants also move to dismiss the entire complaint on grounds that its length and prolixity violates Rule 8, Fed. R. Civ. P., which requires that a complaint contain "a short and plain statement of the claim," and that "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(e)(1). On the surface, the argument has considerable merit. The complaint, exclusive of exhibits, runs to 149 pages and 1983 paragraphs. However, the vast bulk of the complaint (pages 3 through 136, and ¶¶ 9-1939), consists of a series of repetitious and alternative allegations of every conceivable description of each defendant, its addresses and offices, and its potential relationships with every other defendant. Even to require each defendant to affirm or deny these mostly irrelevant descriptions would impose a substantial burden. In contrast, the core allegations of the copyright infringement are relatively compact and clear, especially by the standards of pro se pleading. Accordingly, rather than dismiss the complaint, and require the plaintiff to replead, the legitimate interests of the defendants can be accomplished by striking the redundant and unnecessary portions of the complaint. Defendants will not need to answer allegations that are stricken; nor, of course, will they be required to

answer claims that have been dismissed. To the extent that the addresses or corporate relationships of the defendants are relevant to the case, such information can be sought in discovery.

Finally, defendant Twentieth Century Fox Film Corporation originally moved to dismiss the complaint as to it for failure of service; it is now conceded that plaintiff has cured this failure, and that motion has accordingly been withdrawn. (D. Reply 1 n.2.)

## CONCLUSION

Accordingly, for the reasons set forth above, defendants' motion to dismiss is granted with respect to Counts Two through Six, and those claims are dismissed with prejudice. The motion to dismiss is denied with respect to Count One. Paragraphs 9 through 1939 are stricken, except for such paragraphs as allege that any defendant was a producer and/or distributor of the movies "Meet the Parents" and "Meet the Fockers."

SO ORDERED.

Dated: New York, New York
January 11, 2006

_____
GERARD E. LYNCH
United States District Judge