UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                          :

CHIVALRY FILM PRODUCTIONS and      :
JOSEPH ARDITO,
                                          :

                Plaintiffs,      :
                                          :         05 Civ. 5627 (GEL)

   -against-                    :
                                          :         **OPINION AND ORDER**

NBC UNIVERSAL, INC., et al.,            :

                Defendants.      :
                                          :
------------------------------------------------------------x

Joseph Ardito, pro se.

Stephen F. Huff, Tom J. Ferber, Mark A. Tamoshunas,
Richard J. Purcell, Pryor Cashman Shearman &
Flynn LLP, New York, New York, for defendants.

GERARD E. LYNCH, District Judge:

      Pro se plaintiff Joseph Ardito sued defendants, a number of motion picture production and distribution companies, for copyright infringement, claiming that two movies produced and distributed by the defendants infringed certain of plaintiff's copyrights.[1] On December 22, 2006, the Court granted defendants' motion for summary judgment, finding that no reasonable trier of fact could find the works substantially similar, and that defendants established an independent source for their films pre-dating plaintiff's copyrights. Defendants now move for attorneys' fees and related expenses pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d)(2). Defendants' motion will be granted.

---

[1] In this Opinion, as in the Court's previous opinions in this case, the Court refers to plaintiff in the singular, since the co-plaintiff named in the pleading is a sole proprietorship having no legal existence independent of Ardito himself. Chivalry Film Prods. v. NBC Universal, Inc., No. 05 Civ. 5627, 2006 WL 89944, at *1 n.1 (S.D.N.Y. Jan. 11, 2006).

## BACKGROUND

Only those facts relevant to the current motion will be recited here.

Plaintiff brought suit on June 16, 2005, asserting several causes of action arising out of his claim that two movies produced and distributed by certain of the defendants, *Meet the Parents* and its sequel *Meet the Fockers*, infringed his copyrights in various versions of a novel and screenplay entitled *The Tenant* or *The Dysfunctionals*. On January 11, 2006, the Court dismissed plaintiff's fraud, unjust enrichment, RICO, Lanham Act, and attorney's fees' claims, leaving plaintiff's copyright infringement claim as the sole cause of action in the case. See Chivalry Film Prods. v. NBC Universal, Inc., No. 05 Civ. 5627, 2006 WL 89944 (S.D.N.Y. Jan. 11, 2006).

On June 19, 2006, defendants moved for summary judgment on the copyright infringement claim, arguing that no reasonable trier of fact could find that plaintiff had established substantial similarity of the works, or alternatively that the films were based on independent prior creations that pre-dated plaintiff's copyrights. On December 22, 2006, the Court granted defendants' motion, finding for defendants on both grounds. See Chivalry Film Prods. v. NBC Universal, Inc., No. 05 Civ. 5627, 2006 WL 3780900 (S.D.N.Y. Dec. 22, 2006). Specifically, the Court found that "the works at issue could not be more different in 'total concept and feel.'" Id. at *1, quoting Green v. Lindsay, 885 F. Supp. 469, 481-82 (S.D.N.Y. 1992). Furthermore, the Court found that plaintiff's "attempts to show similarity" between the works "involve[d] the most trivial and generic of incidents," and that the works were "strikingly different." Id. at *2. Finally, the Court found that both films were based on an independent creation originally copyrighted in 1991, which pre-dated plaintiff's 1996 copyright. Id. Plaintiff

appealed to the Second Circuit, which affirmed the judgment on October 30, 2007.

On January 23, 2007, defendants moved for attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d)(2).[2]  Plaintiff did not respond to defendants' motion. Accordingly, the motion will be decided solely on the basis of defendants' submission.

**DISCUSSION**

Defendants seek an award of attorneys' fees and costs pursuant to § 505 of the Copyright Act. Under § 505, the Court "in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. An award of attorneys' fees is at the discretion of the district court, and prevailing defendants and plaintiffs are be to treated alike. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

While there is no precise formula for determining whether an award of fees is appropriate, and "bad faith is not a prerequisite to an award of fees" under the Copyright Act, Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 51-52 (S.D.N.Y. 1994), courts exercising their discretion consider the equitable factors of "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Crescent Publ'g Group, Inc. v. Playboy Enters., 246 F.3d 142, 147 (2d Cir. 2001), quoting Fogerty, 510 U.S. at 534 n.19. The Second Circuit has recognized that "objective reasonableness is a factor

---

[2] Pursuant to Fed. R. Civ. P. 54(d)(2)(C), defendants' motion only addresses the issue of plaintiff's liability for defendants' fees and costs. See Williams v. Crichton, 891 F. Supp. 120, 122 (S.D.N.Y. 1994). Accordingly, defendants have not yet submitted documentation concerning the amount of fees and expenses incurred.

3

that should be given substantial weight in determining whether an award of attorneys' fees is warranted" because "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121-22 (2d Cir. 2001); see also Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006). "This is because such attorney fee awards may chill litigation of close cases, preventing the clear demarcation of the boundaries of copyright law." Ariel (UK) Ltd. v. Reuters Group PLC, No. 05 Civ. 9646, 2007 WL 194683, at *1 (S.D.N.Y. Jan. 24, 2007), quoting Hofheinz v. AMC Prods., No. 00 Civ. 5827, 2003 U.S. Dist. LEXIS 16940, at *17 (E.D.N.Y. Sept. 1, 2003), citing in turn Fogerty, 510 U.S. at 527.

"[A] number of courts in this circuit have awarded attorneys' fees to prevailing defendants solely upon a showing that the plaintiff's position was objectively unreasonable, without regard to any other equitable factor." Baker, 431 F. Supp. 2d at 357 (internal quotation marks omitted), citing Adsani v. Miller, No. 94 Civ. 9131, 1996 WL 194326, at *12-13 (S.D.N.Y. Sept. 19, 1996). The mere fact that a defendant has prevailed, however, "does not necessarily equate with an objectively unreasonable claim." Ann Howard Designs, L.P. v. Southern Frills, Inc., 7 F. Supp. 2d 388, 390 (S.D.N.Y. 1998). "To hold otherwise would establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff. . . . This is not a correct construction of the law." Nicholls v. Tufenkian Import/Export Ventures, Inc., No. 04 Civ. 2110, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) (internal quotation marks and citation omitted). Similarly, the fact that a defendant has prevailed on a motion to dismiss or on summary judgment does not require

4

the court to award fees.  See, e.g., Brown v. Perdue, No. 04 Civ. 7417, 2006 WL 2679936 (S.D.N.Y. Sept. 15, 2006).  However, if a copyright claim is "clearly without merit or otherwise patently devoid of legal or factual basis," that claim "ought to be deemed objectively unreasonable," Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., No. 96 Civ. 4126, 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004), and an award of fees and costs is then proper.

Defendants argue that they should be awarded attorneys' fees and costs because "[p]laintiff failed to provide *any* basis for concluding that [d]efendants infringed protectable elements of [p]laintiff's works."  (Defs. Mem. 5 (emphasis in original).)  The Court agrees.  In its December 22 order granting summary judgment, the Court found that "[t]he works at issue could not be more different in total concept and feel," and plaintiff's arguments to the contrary were wholly "specious," masking the "striking[] differen[ces]" between the works.  Chivalry Film Prods., 2006 WL 3780900, at *1-2.  Indeed, the works were "so extraordinarily different" that plaintiff principally based his copyright claim, not on the substantial similarity between the works, but on the "*absence* of similarity, alleging that defendants blatantly went through extremes in revisions and manipulation in an attempt to conceal and subterfuge said crime by revising said screenplay."  Id. at *2 (emphasis added) (internal quotation marks and citation omitted).  The complete lack of any reasonable basis for plaintiff's copyright claim thus establishes that his claim was frivolous and objectively unreasonable, and an award of fees and costs is appropriate here.  See Polsby v. St. Martin's Press, No. 97 Civ. 690, 2000 WL 98057, at *3 (S.D.N.Y. Jan. 18, 2000) (awarding costs and fees against pro se copyright plaintiff based, inter alia, "on the objective lack of merit in th[e] case"); Sparaco v. Lawler, Matusky, Skelly

5

Eng'rs, LLP, 60 F. Supp. 2d 247, 258-59 (S.D.N.Y. 1999) (holding that plaintiff's copyright claim against certain defendants was objectively unreasonable because there was no evidence of infringement); Williams v. Crichton, 891 F. Supp. 120, 122 (S.D.N.Y. 1994) (granting defendants' motion for fees on showing of objective unreasonableness).

Moreover, although the plaintiff in this case did not engage in a "campaign of vexatious litigation," Polsby, 2000 WL 98057, at *2, the need for deterrence against objectively unreasonable copyright claims is significant. Just as "attorney fee awards may chill litigation of *close* cases, preventing the clear demarcation of the boundaries of copyright law," Ariel (UK) Ltd., 2007 WL 194683, at *1 (emphasis added), the denial of such awards in *objectively unreasonable* cases also disserves the purposes of copyright law, by failing to protect the owners of valid copyrights from the cost of frivolous litigation. Furthermore, the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to "chill." Id.; see Polsby, 2000 WL 98057, at *2. "Future litigants should be discouraged from comparable behavior." Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc., No. 96 Civ. 2986, 1997 WL 129399, at *3 (S.D.N.Y. Mar. 21, 1999).

Finally, plaintiff's pro se status is not a sufficient basis for denying an award of fees and costs in this case. The Supreme Court in Fogerty did not specifically deem the "relative financial resources of the parties" to be a relevant factor in considering whether to award fees under the Copyright Act. Penguin Books, 2004 WL 728878, at *5, citing Fogerty, 510 U.S. at 534 n.19. Several courts in this Circuit have awarded attorneys' fees pursuant to 17 U.S.C. § 505 against a pro se plaintiff where, as here, the defendant prevails and the plaintiff's copyright

6

claim was objectively unreasonable, without taking into account the financial disparities between the parties. See Polsby, 2000 WL 98057, at *2; see also Attia v. Soc'y of the N.Y. Hosp., 12 Fed. Appx. 78 (2d Cir. 2001) (affirming an award of costs and fees against a pro se copyright plaintiff). This is because "[t]he decision to award attorney's fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees." Harrison Music Corp. v. Tesfaye, 293 F. Supp. 2d 80, 85 (D.D.C. 2003), citing Mitek Holdings, Inc. v. Arce Engineering Co., 198 F.3d 840, 843 (11th Cir. 1999). Cf. Shmueli v. City of New York, No. 03 Civ. 1195, 2007 WL 1659210, at *5 (S.D.N.Y. June 7, 2007) ("The same [legal] standards apply when the litigant involved is pro se."); Harrison v. Walsh, No. 06 Civ. 13328, 2007 WL 1576265, at *25 (S.D.N.Y. June 1, 2007) (pro se litigants are "held to the same standards of conduct and procedure as an attorney").

However, although plaintiff's pro se status does not preclude an award of fees against him, his financial resources are not altogether irrelevant. "A court that awards fees to a defendant must take into account the financial circumstances of the plaintiff" when determining how much to award. Polsby v. St. Martin's Press, No. 97 Civ. 690, 2001 WL 180124, at *1 (S.D.N.Y. Feb. 22, 2001); see Sassower v. Field, 973 F.2d 75, 81 (2d Cir. 1992); Polsby, 2001 WL 180124, at *1 ("This principle has been applied in cases under the Copyright Act."). Thus, any "financial disparities" between plaintiff and defendants, who are, primarily, major motion picture production and distribution companies, "may be . . . considered in determining the magnitude of" the award in this case. Penguin Books, 2004 WL 728878, at *5, citing Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986); see Williams v. Crichton, No. 93 Civ. 6829, 1995 WL 449068, at *1 (S.D.N.Y. July 26, 1995) (finding "the relative financial strength

7

of the parties" to be "so disproportionate" that "the purposes of the Copyright Act" would be served "by a relatively small award"). Accordingly, the Court will take this factor into account, among other factors, when determining the appropriate amount of fees and costs to be assessed against plaintiff, if plaintiff makes a showing of a lack of financial resources.

## CONCLUSION

For the foregoing reasons, defendants' motion for fees and costs is granted. Defendants are directed to submit documentation of their costs and attorneys' fees, including attorneys' time sheets, by December 28, 2007. Plaintiff may submit his response, if any, by January 28, 2008.

SO ORDERED.

Dated: New York, New York
       November 27, 2007

                                           _____
                                           GERARD E. LYNCH
                                           United States District Judge